JS-44 (Rev. 12/12)     CIVIL COVER SHEET    16.CV.6464

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
The United States of America

## DEFENDANTS
ELIZABETH PASCARELLI STONICH a/k/a ELIZABETH P STONICH a/k/a ELIZABETH STONICH
320 Conestoga Road
Wayne, PA 19087

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KML Law Group, P.C. – Rebecca A. Solarz, Esquire
701 Market Street, Ste. 5000, Phila., PA 19106
215-627-1322, rsolarz@kmllawgroup.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- **X** 1 U.S. Government Plaintiff
-    2 U.S. Government Defendant
-    3 Federal Question *(U.S. Government Not a Party)*
-    4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | **X** 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 400 State Reapportionment |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 410 Antitrust |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 450 Commerce |
| 151 Medicare Act | 340 Marine | | | 830 Patent | 460 Deportation |
| **X** 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- **X** 1 Original Proceeding
-   2 Removed from State Court
-   3 Remanded from Appellate Court
-   4 Reinstated or Reopened
-   5 Transferred from Another District *(specify)*
-   6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1345
Brief description of cause:
**Enforced Collections**

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:   Yes   **X** No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE: 12/9/16    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
DEC 15 2016



**16    6464**

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case of the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Suite 5000 – BNY Independence Center, 701 Market Street, Philadelphia, PA 19106-1532

Address of Defendants: 320 Conestoga Road Wayne, PA 19087

Place of Accident, Incident or Transaction: ACTION OF ENFORCED COLLECTIONS
(Use Reverse Side For Additional Space)

Does this case involve multi-district litigation possibilities?    Yes ☐    No ☒

RELATED CASE, IF ANY:

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cass are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

CIVIL. (Place ■ in ONE CATEGORY ONLY)

A.  Federal Question Cases
1. ☒ Indemnity Contract, Manne contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) **Foreclosure of property encumbered by a federal mortgage.**

B.  Diversity Jurisdiction Cases:
1. Insurance contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury (Please specify)
7. Products Liability
8. Products Liability – Asbestor
9. All other diversity Cases
(Please specify)

### ARBITRATION CERTIFICATION
(Check appropriate Category)

I, Rebecca A. Solarz, Esq. , counsel of record do here by certify:

☐ Pursuant to Local civil Rule 52.2. Section 2©(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: 12/8/16    _____(sig)_____    315936
              Attorney-at-Law                          Attorney i.d.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 39.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.
DATE: 12/8/16    _____(sig)_____    315936
              Attorney-at-Law                          Attorney i.d.#

CIV 609 (9/99)

DEC 15 2016

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**    16      6464

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　　　　　　　　Plaintiff<br>　　vs.<br>ELIZABETH PASCARELLI-STONICH a/k/a ELIZABETH P STONICH a/k/a ELIZABETH STONICH<br>　　　　　　　　　　　Defendants | CIVIL ACTION NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that the defendants do not agree with the plaintiff regarding said designation, that the defendants shall, with their first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which those defendants believe the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.    (X)

12/8/2016
Date

_____
Rebecca A. Solarz, Esq.
**Attorney for Plaintiff, United States of America**
Pennsylvania Attorney I.D. No. 315936
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA 19106-1532
(215) 825-6327 (Direct)
FAX (215) 825-6443
rsolarz@kmllawgroup.com

DEC 15 2016

MSG

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>vs.<br><br>ELIZABETH PASCARELLI STONICH a/k/a ELIZABETH P STONICH a/k/a ELIZABETH STONICH<br><br>Defendant | CIVIL NO. 16 6464 |

## COMPLAINT

The United States of America, on behalf of its Agency, U.S. Department of Education, by its specially appointed counsel, Rebecca A. Solarz of KML LAW GROUP, P.C., represents as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. 1345.

2. The last-known address of the Defendants, ELIZABETH PASCARELLI STONICH a/k/a ELIZABETH P STONICH a/k/a ELIZABETH STONICH ("Defendant") is 320 Conestoga Road, Wayne, PA 19087.

3. That the defendant is indebted to the plaintiff in principal amount of $5,241.64, plus interest of $12,320.26, for a total of $17,561.90. A true and correct copy of the Certificate of Indebtedness is attached as Exhibit "A" ("Certificate of Indebtedness").

4. Demand has been made upon Defendant by Plaintiff for the sum due but the amount due remains unpaid.

WHEREFORE, the plaintiff demands judgment against Defendant as follows;

(A) In the amount $17,561.90.

(B) Plus filing fee allowed pursuant to 28 U.S.C., Section 1914 in the sum of $150.00.

(C) Interest from the date of judgment at the legal rate of interest in effect on the date of judgment until paid in full.

(D) Costs of suit.

Notice is hereby given to Defendant that Plaintiff intends to seek satisfaction of any judgment rendered in it favor in this action from any debt accruing.

United States of America by and through
its specially appointed counsel
KML Law Group, P.C.

By: _____
Rebecca A. Solarz, Esquire
BNY Independence Center
701 Market Street
Suite 5000
Philadelphia, PA 19106-1532
(215)825-6327
rsolarz@kmllawgroup.com

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff<br><br>vs.<br><br>ELIZABETH PASCARELLI STONICH<br>a/k/a ELIZABETH P STONICH a/k/a<br>ELIZABETH STONICH<br><br>        Defendants | CIVIL NO. |

# EXHIBITS

## "A"  CERTIFICATE OF INDEBTEDNESS

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS #1 OF 1**

ELIZABETH PASCARELLI STONICH
AKA ELIZABETH P STONICH
AKA ELIZABETH STONICH
320 CONESTOGA ROAD
WAYNE, PA 19087-4759
Account No. XXXXX6946

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 11/10/16.

On or about 04/07/81 and 12/10/81, the BORROWER executed promissory notes to secure loans of $2,500.00 and $2,500.00 from Chase Manhattan Bank, New Hyde Park, NY. This loan was disbursed for $2,500.00 on 05/20/81 and $2,500.00 on 12/31/81 at 7.00% interest per annum. The loan obligation was guaranteed by California Student Aid Commission, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 11/30/83, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,241.64 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 11/05/91, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $ 5,241.64 |
| Interest: | $12,320.26 |
| Total debt as of 11/10/16: | $17,561.90 |

Interest accrues on the principal shown here at the rate of $1.00 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 11/10/16

Gin Say Chan
Loan Analyst
Litigation Support Unit