IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **Plaintiff,** | : CIVIL ACTION |
| | : |
| v. | : No. 16-6464 |
| | : |
| **ELIZABETH PASCARELLI STONICH,** | : |
| | : |
| **Defendant.** | : |

## ORDER

**AND NOW,** this 17th day of April, 2017, upon consideration of Plaintiff's "Motion to Extend Time to Make Service" (Doc. No. 5), and pursuant to Federal Rule of Civil Procedure 4(m), it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**.[1] Plaintiff shall effectuate service within **thirty (30) days** from the date of this Order.

BY THE COURT:

/s/ Mitchell S. Goldberg
_____
**MITCHELL S. GOLDBERG, J.**

---

[1] Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, Plaintiff sent a waiver of service to Defendant shortly after filing the complaint. The waiver was not returned executed. Plaintiff then attempted service at Defendant's last known property address, but the property appeared vacant. Plaintiff thereafter inquired with the U.S. postal authorities and examined local telephone directories in an effort to locate Defendant. These efforts were unsuccessful. Plaintiff next identified a possible alternative address for Defendant, but the process server was unable to complete service at that location. (Pl.'s Mot. ¶¶ 1–9.) I conclude that Plaintiff has demonstrated "good cause" for the failure to complete service within the 90-day period prescribed by Rule 4(m), and will therefore grant Plaintiff an additional 30-day extension in which to serve Defendant.